*Mestecky v. NYC Department of Education*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
　　　　　　RICHARD J. SULLIVAN,
　　　　　　　　*Circuit Judges*,
　　　　　　KATHERINE POLK FAILLA,
　　　　　　　　*District Judge*.*

------------------------------------------------------------------

ROSA A. MESTECKY,

　　　*Appellant*,

　　　v.                                          No. 18-3186

NEW YORK CITY DEPARTMENT OF
EDUCATION, DENNIS M. WALCOTT, in his
official capacity as Chancellor of the New York
City Department of Education, MICHELLE

---

* Judge Katherine Polk Failla of the United States District Court for the Southern District of New York, sitting by designation.

LLOYD-BEY, individually and in her official capacity as Superintendent of District 27, and GARY FAIRWEATHER, individually and in his official capacity as a Principal of the PS/MS 43 School,

*Appellees.* *

------------------------------------------------------------------

FOR APPELLANT: GREGORY GUERCIO, Farmingdale, NY.

FOR APPELLEES: MELANIE THARAMANGALAM WEST (Zachary W. Carter, Richard Dearing, Fay Ng, *on the brief*), Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Rosa Mestecky appeals from the judgment of the district court (Amon, *J.*) granting summary judgment in favor of Defendants on Mestecky's retaliation claims under Title VII of the Civil Rights Act of 1964, the

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), as well as her state-law defamation claim.  On appeal, Mestecky argues that the school where she worked denied her tenure, terminated her employment, and then, upon reinstating her, assigned her to be a substitute teacher, all because she filed a discrimination claim.  She further contends that the negative performance review that preceded her denial of tenure was defamatory.  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Court reviews "a district court's grant or denial of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party." *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 34 (2d Cir. 2005).  "Summary judgment is only appropriate if . . . there is no genuine material issue of fact and the moving party is entitled to judgment as a matter of law."  *Id.*

## I.     Title VII and NYSHRL Retaliation Claims

In assessing Title VII and NYSHRL retaliation claims, the Court applies the now-familiar three-step burden-shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Ya-Chen Chen v. City Univ. of N.Y.*,

3

805 F.3d 59, 70 (2d Cir. 2015). Under that framework, a plaintiff must first establish a prima facia case of retaliation "by offering evidence that she participated in a protected activity, suffered an adverse employment action, and that there was a causal connection between her engaging in the protected activity and the adverse employment action." *Id.* (internal quotation marks omitted). The defendant can then rebut this "presumption of retaliation . . . by articulating a legitimate, non-retaliatory reason for the adverse employment action." *Id.* (internal quotation marks and alterations omitted). The burden then shifts back to the plaintiff to show that the defendant's proffered reasons were pretext and that "the desire to retaliate was the but-for cause of the challenged employment action." *Id.* (internal quotation marks omitted). While "[t]emporal proximity alone is insufficient to defeat summary judgment at the pretext stage," a plaintiff may rely on temporal proximity along with "other evidence such as inconsistent employer explanations, to defeat summary judgment." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 847 (2d Cir. 2013).

We, like the district court, assume that Mestecky has established a prima facie case of retaliation. Nevertheless, for the reasons set forth in the district court's thorough and well-reasoned order, we find that Defendants provided

4

"well-documented reasons for denying Mestecky's tenure that are entirely unrelated to her complaints," S. App'x 27, and that Mestecky failed to raise a genuine dispute of fact that Defendants' proffered reasons were pretextual. Accordingly, we affirm the district court's dismissal of Mestecky's Title VII and NYSHRL claims.

## II.    NYCHRL Retaliation Claim

NYCHRL's retaliation provision is broader than Title VII's.    *See Ya-Chen Chen*, 805 F.3d at 76.    So long as the retaliatory acts are "reasonably likely to deter a person from engaging in protected activity," "[t]he retaliation or discrimination . . . need not result in an ultimate action with respect to employment, . . . or in a materially adverse change in the terms and conditions of employment."   N.Y.C. Admin. Code § 8-107.

Nevertheless, we agree with the district court that Mestecky's NYCHRL claim fails for the same reasons as her Title VII and NYSHRL retaliation claims. The record reflects that Defendants had decided to deny Mestecky tenure prior to the filing of her discrimination claim; therefore, Mestecky has failed to show that the "acts complained of [would] be reasonably likely to deter a person from engaging in protected activity."   *See Ya-Chen Chen*, 805 F.3d at 77.

5

### III.    Defamation Claim

Finally, Mestecky claims that her October 4, 2012 performance review and a letter from Defendant Gary Fairweather attached to that review were defamatory because they alleged that she "must be denied tenure and terminated because she is an unsatisfactory teacher."  Appellant's Brief at 45.  The "statements" in the performance review consisted primarily of checkboxes that allowed Fairweather to indicate whether he viewed Mestecky's performance in certain areas as "satisfactory" or "unsatisfactory."    The letter also contained statements regarding Mestecky's teaching based in part on observations of Mestecky while she was in the classroom.

"Under New York law a defamation plaintiff must establish five elements: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability."  *Palin v. New York Times Co.*, No. 17-3801, 2019 WL 5152444, at *2 (2d Cir. Aug. 6, 2019).   Whether a statement is defamatory is a question of law.  *See Celle v. Filipino Reporter Enters.*, 209 F.3d 163, 178 (2d Cir. 2000).   Ordinarily, opinion statements have absolute protection, and are non-

actionable since they are "not capable of being objectively characterized as true or false." *Id.*

As the district court concluded, most of the statements in Mestecky's performance review and the letter are protected opinions that are not actionable. *See Wait v. Beck's N. Am., Inc.*, 241 F. Supp. 2d 172, 183–84 (N.D.N.Y. 2003) (collecting cases under New York law); *cf. Albert v. Loksen*, 239 F.3d 256, 268 (2d Cir. 2001) ("Statements . . . that a co-employee's work is dangerous and his employment should therefore be terminated, if articulated as an evaluation of his performance, would likely be protected as a statement of opinion.").

Although Mestecky does identify one statement of fact that is arguably a statement capable of being proven false – her October 4, 2012 performance review indicates she had a higher number of absences than was recorded on one of her previous reviews – such a statement does not rise to the level of defamation, since it hardly exposes Mestekcy "to public hatred, shame, obloquy, contumely, odium, contempt, ridicule, aversion, ostracism, degradation, or disgrace" of the sort required to be defamatory. *Albert*, 239 F.3d at 266 n.6 (quoting *Celle*, 209 F.3d at 177); *see also Chau v. Lewis*, 771 F.3d 118, 127 (2d Cir. 2014) ("To be actionable, therefore, the statement must do more than cause discomfort or affront; the

statement is measured not by the sensitivities of the maligned, but the critique of reasonable minds that would think the speech attributes odious or despicable characterizations to its subject."). Accordingly, we find that the district court properly granted summary judgment on Mestecky's defamation claim.

We have considered Mestecky's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED.

<div style="margin-left: 40%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>